UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ADRIAN D. WARE, et al.                                    PLAINTIFFS

v.                                    CIVIL ACTION NO. 3:13cv387-DPJ-FKB

U.S. BANK NATIONAL ASSOCIATION,                          DEFENDANTS
as Trustee, purported Successor in Interest to
Bank of America, National Association, as purported
Successor by Merger to LaSalle Bank, National
Association, as purported Trustee for Washington
Mutual Mortgage Pass-Through Certificates
WMALT Series 2006-5, et al.

ORDER

        This removed case is before the Court on the motion of defendants U.S. Bank National

Association ("U.S. Bank"), JPMorgan Chase Bank, N.A. ("Chase"), and Mortgage Electronic

Registration Systems, Inc. ("MERS") (collectively, "the Defendants") to dismiss [8].[1]  For the

reasons that follow, the motion is granted in part as to all but the negligence/gross negligence

claim against Chase, and Plaintiffs will be given an opportunity to seek leave to amend.

I.        Facts and Procedural History

        Plaintiffs Adrian and Tonya Ware purchased a house in the Bridgewater neighborhood of

Ridgeland, Mississippi, in December 2004.  To finance the purchase, the Wares executed two

promissory notes and two deeds of trust in favor of defendant Metrocities Mortgage, LLC.  The

initial loan amount was $980,000.00, and the loan was re-financed twice through Metrocities.  In

connection with a March 2006 refinance, the Wares signed two new deeds of trust in favor of

MERS as beneficiary, with Metrocities as lender.  The deeds secured loans from Metrocities of

---

[1]Defendants Metrocities Mortgage, LLC and the United States of America have not made
appearances in the case to date and are not included in the use of the term "Defendants."

$1,000,000.00 and $260,000.00.  The Wares ultimately paid off the smaller loan, and MERS

cancelled the deed of trust associated with that loan in February 2012.

     As to the remaining loan, the Wares experienced financial difficulty in late 2011 and

approached Chase, the servicer of the loan, about the possibility of modifying or refinancing the

loan to lower the monthly payments.  They allege that

> [r]epresentatives of Chase advised the Wares, who were, at the time, current in
> their obligations on the 2006 loan, that Chase could not modify the obligation
> unless the Wares were behind on their note payments.  Representatives of Chase
> further advised the Wares that they should stop making payments to Chase and
> call back after they were in default, which occurred over the next several months.

Compl. [1-1] ¶ 18.  The Wares in fact stopped making payments on their loan.  In April 2012,

MERS assigned the outstanding deed of trust to U.S. Bank, which appointed a substitute trustee.

On May 22, 2013, the substitute trustee issued a notice of sale, setting a foreclosure sale for June

20, 2013.

     Plaintiffs filed their lawsuit in the Circuit Court of Madison County, Mississippi, on June

12, 2013.  Their Complaint alleges claims for Temporary Restraining Order, Preliminary and

Permanent Injunction; Breach of Covenant of Good Faith and Fair Dealing; Negligence and

Gross Negligence; Recission and Cancellation of the Deed of Trust; Unjust Enrichment;

Cancellation and Removal of Clouds to Title; Recission and Cancellation of the Deed of Trust;

and Other Equitable Claims.  Compl. [1-1] ¶ 25.  U.S. Bank, Chase, and MERS moved to

dismiss, plaintiffs responded in opposition, and the Defendants filed a reply.  The Court has

personal and subject-matter jurisdiction and is prepared to rule.

II.      Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).  But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

III.     Analysis

The Defendants have moved to dismiss all the Wares' claims against them with prejudice. In response, the Wares focus entirely on their claims for breach of the covenant of good faith and fair dealing and negligence, which they assert includes claims for wrongful foreclosure and negligent misrepresentation.  The motion to dismiss will be granted as to the claims the Wares overlooked in their response.  *See Teeuwissen v. JP Morgan Chase Bank, N.A.*, 902 F. Supp. 2d 826 (S.D. Miss. 2011) (Lee, J.) (granting motion to dismiss on claim as to which "plaintiffs have

3

not acknowledged, much less responded to [defendant's] argument").  The Court will focus on the claims the Wares addressed.

A.    Breach of the Covenant of Good Faith and Fair Dealing

The Wares allege that Chase breached the covenant of good faith and fair dealing as follows:

> [W]hen the Wares were negotiating with Chase, they reasonably believed that Chase was being truthful and acting in good faith when Chase represented to the Wares that they would modify their loan if they were in default.  The Wares, acting on the instructions of Chase, defaulted on their loan, and, because of this default, which was at the instruction and direction of Chase, the Wares are now placed in a position wherein they may lose their homestead based on Chase's misrepresentations.

Compl. ¶ 40.  The Wares make no specific factual allegations to support this claim against U.S. Bank and MERS, instead asserting only that, "in [their] dealings with the Wares, in the handling of their loan transaction, in the negotiations for a modification, and in the attempted foreclosure, . . . MERS, Chase, and US Bank have each breached their duties of good faith and fair dealing with the Plaintiffs."  *Id.* ¶ 42.

"[U]nder Mississippi law, every contract carries with it an implied covenant of good faith and fair dealing in [its] performance, which covenant holds that 'neither party will do anything which injures the right of the other to receive the benefits of the agreement.'"  *Austin Firefighters Relief & Ret. Fund v. Brown*, 760 F. Supp. 2d 662, 676 (S.D. Miss. 2010) (citing *Ferrara v. Walters*, 919 So. 2d 876, 883 (Miss. 2005)).  Because the duty arises from the contract between the parties, "without a contract, [the plaintiffs] cannot maintain a claim for breach of duty of good faith and fair dealing."  *Miss. Dep't of Envtl. Quality v. Pac. Chlorine, Inc.*, 100 So. 3d 432, 441 (Miss. 2012).  Where a contract exists, the covenant prohibits the parties from "do[ing]"

4

anything which injures the right of the other to receive the benefits of the agreement," *Cothern v. Vickers, Inc.*, 759 So. 2d 1241, 1248 (Miss. 2000), and may also impose a duty "to take some affirmative steps to cooperate in achieving the[] goal[]" of completing performance under the contract, *Cenac v. Murry*, 609 So. 2d 1257, 1272 (Miss. 1992) (citation omitted); *see Stewart v. GMAC Mortgage, LLC*, No. 2:10CV159-DCB-JMR, 2011 WL 1296887, at *5–6 (S.D. Miss. Mar. 31, 2011).

As to Chase, the Wares do not allege any contract between themselves and Chase so as to impose a duty of good faith and fair dealing.  *See* Compl. [1-1] ¶ 17 (describing Chase as "a stranger to title").  Absent a contract, Chase cannot be liable for a breach of the covenant of good faith and fair dealing.  *Pac. Chlorine, Inc.*, 100 So. 3d at 441.  Dismissal of this claim as to Chase is therefore appropriate.

As to remaining Defendants U.S. Bank and MERS, they assert that, because they acted in conformity with the applicable contracts in starting the foreclosure process, the Wares have not alleged a cognizable claim for breach of the covenant of good faith and fair dealing.  To the extent the Wares' claim against these Defendants is based solely upon their institution of foreclosure proceedings following the Wares' default, the Defendants are correct.

However, Defendants' argument seems to misapprehend the focus of the Wares' claims. Defendants suggest that they "are not alleged to have done anything other than exercise their express contractual rights following Plaintiffs' admitted default."  Defs.' Reply [17] at 6.  But the factual allegation at the heart of the Wares' Complaint is that Chase "advised the Wares that they should stop making payments to Chase" as a precursor to a loan modification.  Compl. [1-1] ¶ 18.  This alleged conduct cannot be viewed as a mere exercise of express contractual rights.

Nevertheless, the Complaint as currently drafted remains deficient. Assuming Chase's alleged conduct could amount to a breach of the covenant of good faith and fair dealing under *Cenac*, the Wares do not sufficiently link Chase to the other Defendants in their Complaint. While the Complaint generally avers that Chase was "acting for US Bank" and "was acting on behalf of US Bank and MERS," these conclusory statements neither sufficiently allege a factual connection between Chase and the other Defendants nor provide a legal basis for vicarious liability. Compl. [1-1] ¶¶ 43, 46. As such, the Wares fail to state a facially plausible claim for breach of the covenant of good faith and fair dealing against U.S. Bank or MERS. *Iqbal*, 556 U.S. at 678. The motion to dismiss the good-faith-and-fair-dealing claim is granted.

B.      Negligence

In the negligence count of the complaint, the Wares allege:

> Chase and US Bank are guilty of negligence and/or gross negligence in doing and/or omitting to do the acts set forth in this Complaint, including the instructions by a representative of Chase, which was acting on behalf of US Bank and MERS, to stop paying the subject mortgage in order to qualify for a modification.

Compl. [1-1] ¶ 46. In response to the motion to dismiss, the Wares clarify that these "allegations support claims for negligent misrepresentation, wrongful foreclosure, general negligence and gross negligence." Pls.' Resp. [13] at 6.

As to the general negligence and gross negligence claims, Defendants assert that "the only duties existing between the parties originated in the loan documents," which the Defendants are not alleged to have breached. Defs.' Mem. [9] at 8 (citing *Anderson v. Litton Loan Servicing, LP*, No. 2:08cv245-KS-MTP, 2010 WL 445593, at *4 (S.D. Miss. Feb. 1, 2010)). Of course, as noted above, the Wares do not allege the existence of a contract between themselves and Chase,

so any duties Chase owed the Wares are obviously not defined by contract.  Instead, as the servicer of the Wares' loan, Chase owed the Wares a duty to act reasonably in its dealings with them.  *See Montgomery v. CitiMortgage, Inc.*, No. 2:12cv7-KS-MTP, 2013 WL 3421987, at *5 (S.D. Miss. July 8, 2013) (holding loan servicer owed mortgagors legal duty of care) (citations omitted).  The Wares allege that Chase breached this duty when it advised them to stop making their loan payments so they could proceed with a loan modification.  The Wares state a facially plausible negligence claim against Chase.

The Wares' negligence claims against U.S. Bank and MERS suffer from the same deficiencies as their good-faith-and-fair-dealing claims:  the Wares fail to establish any factual or legal basis for holding those Defendants liable for Chase's alleged pre-default misconduct.  As such, the Complaint fails to state a facially plausible negligence claim against U.S. Bank or MERS.

Regarding the claims relied upon by the Wares in response to the motion to dismiss, the Defendants correctly point out that the Complaint does not specifically plead claims for negligent misrepresentation or wrongful foreclosure, and the sufficiency of those hypothetical claims is therefore not properly before the Court.[2]  *See Salem v. J.P. Morgan Chase & Co.*, No.

---

[2]Read liberally, Count I of the Complaint, for a Temporary Restraining Order, Preliminary and Permanent Injunction, could suggest a claim for wrongful foreclosure under *West v. Nationwide Trustee Services, Inc.*, assuming *West* correctly states Mississippi law on a wrongful foreclosure claim.  No. 1:09cv295-LG-RHW, 2010 WL 3122801 (S.D. Miss. Aug. 4, 2010); *but see Smith v. Bank of Am., N.A.*, No. 2:11cv120-MPM-JMV, 2012 WL 4320845, at *4 (N.D. Miss. Sept. 20, 2012) ("[T]here must actually be a foreclosure before a plaintiff can assert a claim of wrongful foreclosure." (citing *Henderson v. JPMorgan Chase Bank, N.A.*, No. 2:11cv154-KS-MTP, 2012 WL 37393, at *4 (S.D. Miss. Jan. 6, 2012))).  The Wares did not address Count I, and the Court will leave it to them to attempt to properly plead any viable claims rather than address the substance of a claim the Wares did not clearly pursue.

3:09cv421-DPJ-FKB, 2009 WL 4738182, at *3 (S.D. Miss. Dec. 4, 2009) (explaining that in ruling on a motion under Rule 12(b)(6), the Court "considers, of course, only the allegations of the complaint" (citing *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008))).

C.      Leave to Amend

The Wares finally ask the Court for leave to amend in the event the Court concludes that dismissal is warranted.  Pls.' Mem. [13] at 9.  "When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice."  *Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 624 (S.D. Tex. 2010) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *United States ex rel Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004)).  Leave to amend may be denied if the proposed amendment is "frivolous or futile."  *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999).

An amendment as to the good-faith-and-fair-dealing claim against Chase would be futile because the Wares pleaded that no contract exists.  Otherwise, the Court cannot say that amendment would be futile.  Moreover, the Court's dismissal order disposes of only the claims against the moving Defendants, leaving the claims against Metrocities and the United States. Therefore, the good-faith-and-fair-dealing and negligence claims against U.S. Bank and MERS

---

Similarly, the allegations of the Complaint hint at a negligent misrepresentation claim though it is not spelled out or included in the counts.  *See* Compl. [1-1] ¶ 40.  But because the Wares did not explain that they were relying on a negligent misrepresentation theory until they filed their response to the motion to dismiss, Defendants' arguments in their reply challenging the legal-sufficiency of the negligent misrepresentation claim went unrebutted.  Because it will grant the opportunity to seek leave to amend, the Court will not further address the claim on the underdeveloped briefs before it.

8

are dismissed without prejudice, as are the wrongful foreclosure and negligent misrepresentation claims against all Defendants.

The Wares may file a motion for leave to amend under Rule 15 on or before Monday, January 13, 2014, attaching a proposed amended complaint that is sufficient under *Iqbal* and *Twombly* in light of the legal arguments raised by the Defendants in the instant motion. The Wares should avoid lumping the defendants together and should instead separately allege the scope of any duties owed and conduct alleged to have breached those duties as to each defendant.

IV.     Conclusion

The Court has considered all the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Defendants U.S. Bank, Chase, and MERS's motion to dismiss [8] is granted in part as to all claims except the negligence and gross negligence claims against Chase. Plaintiffs may seek leave to amend on or before January 13, 2014.

**SO ORDERED AND ADJUDGED** this the 20th day of December, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE