UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ADRIAN D. WARE and TONYA H. WARE                                            PLAINTIFFS

v.                                                          CIVIL ACTION NO. 3:13cv387-DPJ-FKB

U.S. BANK NATIONAL ASSOCIATION, et al.                                      DEFENDANTS

ORDER

This case is before the Court on the Motion of Defendant JPMorgan Chase Bank, N.A. ("Chase") to Compel Plaintiffs to Order and Pay for Transcript [115]. For the reasons that follow, the Motion is granted.

I.      Factual and Procedural Background

Plaintiffs Adrian D. and Tonya H. Ware filed this lawsuit related to the servicing of their mortgage loan on June 12, 2013. Following the close of discovery, Chase filed a Motion for Summary Judgment [86]. The Court held a hearing on that Motion on February 13, 2015, and later ordered additional briefing on two discrete issues. *See* Aug. 5, 2015 Text Order. On September 17, 2015, the Court granted Chase's Motion for Summary Judgment [103], and a Final Judgment was entered on October 14, 2015 [108].

On October 16, 2015, Plaintiffs filed their Notice of Appeal [109], appealing, *inter alia*, the Court's Order granting Chase's Motion for Summary Judgment [103] and the Final Judgment [108]. On December 30, 2015, Plaintiffs certified, pursuant to Federal Rule of Appellate Procedure 10(b)(1)(B), that they did not intend to order any transcript to be included in the record on appeal. Certificate of Counsel [111]. Chase then filed a Notice of Counter-Designation [113], stating that the transcript of the February 13, 2015 hearing should be included in the record on appeal, and subsequently filed its Motion to Compel Plaintiffs to Order and Pay

for Transcript [115]. Plaintiffs responded in opposition [116], Chase filed a Rebuttal [118], and the Court is now prepared to rule.

II.     Analysis

The contents of the record on appeal are controlled by Federal Rule of Appellate Procedure 10. With regard to transcripts, the rule provides:

> (1) Appellant's Duty to Order.  Within 14 days after filing the notice of appeal . . . the appellant must do either of the following:
>
> > (A) order from the reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary . . . ; or
> >
> > (B) file a certificate stating that no transcript will be ordered.
>
> . . . .
>
> (3) Partial Transcript.  Unless the entire transcript is ordered:
>
> > (A) the appellant must—within the 14 days provided in Rule 10(b)(1)—file a statement of the issues that the appellant intends to present on the appeal and must serve on the appellee a copy of both the order or certificate and the statement;
> >
> > (B) if the appellee considers it necessary to have a transcript of other parts of the proceedings, the appellee must, within 14 days after the service of the order or certificate and the statement of the issues, file and serve on the appellant a designation of additional parts to be ordered; and
> >
> > (C) unless within 14 days after service of that designation the appellant has ordered all such parts, and has so notified the appellee, the appellee may within the following 14 days either order the parts or move in the district court for an order requiring the appellant to do so.
>
> (4) Payment.  At the time of ordering, a party must make satisfactory arrangements with the reporter for paying the cost of the transcript.

Fed. R. App. P. 10(b).

The Fifth Circuit has explained that "[t]he burden of presenting an adequate record on

appeal is on the appellant."  *Reddin v. Robinson Prop. Grp. Ltd. P'ship*, 239 F.3d 756, 759 (5th Cir. 2001).  And "[w]hile an appellant is not always required to provide a complete transcript of district court proceedings, the appellant does have a duty to provide those portions that are necessary for a meaningful review."  *Crompton Mfg. Co. Inc. v. Plant Fab, Inc.*, 91 F. App'x 335, 338 (5th Cir. 2004) (citation omitted).

Plaintiffs assert that they "do not consider the transcript of the oral argument in the District Court on February 13, 2015, necessary for the subject appeal because no evidence was presented at the subject hearing and the Court asked for additional briefing after the subject oral arguments were presented."  Pls.' Resp. [116] ¶ 6.  But it is difficult to assess the necessity of the summary-judgment hearing transcript because Plaintiffs have not filed the Rule 10(b)(3)(A) "statement of the issues that the appellant[s] intend[] to present on the appeal."  Fed. R. App. P. 10(b)(3)(A); *see also Kendall v. Superior Court*, No. 2010-109, 2014 WL 786798, at *2 (D.V.I. Feb. 26, 2014) ("The purpose of requiring appellants who provide only partial transcripts to state the issues for appeal is to allow the appellee to determine what portions of the transcripts are relevant or necessary." (citing *Blake v. Trainer*, 148 F.2d 10, 13 (D.C. Cir. 1945))).

Given that Plaintiffs are appealing the Court's summary-judgment Order, the Court concludes that the transcript of the hearing on the summary-judgment motion is "necessary for a meaningful review" of Plaintiffs' appeal.  *Crompton Mfg. Co. Inc.*, 91 F. App'x at 338; *see also OneWest Bank, FSB v. Farrar*, 19 F. Supp. 3d 1050, 1053 (D. Haw. 2014) (concluding that transcript of hearing on motion to enforce settlement was necessary and relevant to analysis of appeal of order enforcing settlement).  Plaintiffs should therefore be required to order and pay

for the transcript.[1]

Finally, Plaintiffs appear to contend that the Court is bound by the Fifth Circuit's resolution of an identical motion filed by Chase with that court. *See* Pls.' Resp. [116] at 3. Chase did initially file its motion with the Fifth Circuit, which denied the motion with an apparent reference to Federal Rule of Appellate Procedure 10(b)(3)(C). *See* Fifth Circuit Order [114] (citing Fed. R. App. P. "10 (3)(c)"). Rule 10(b)(3)(C) expressly directs an appellee seeking an order compelling the appellant to order and pay for a transcript to "move in the district court for an order requiring the appellant to do so." Fed. R. App. P. 10(b)(3)(C). The Fifth Circuit's denial of the motion on the basis that it should have been filed in this Court does not alter the Court's analysis.

III.   Conclusion

For the foregoing reasons, Chase's Motion to Compel Plaintiffs to Order and Pay for Transcript [115] is granted. Plaintiffs are directed to order and pay for the transcript of the February 13, 2015 summary-judgment hearing within seven (7) days of the entry of this Order.

**SO ORDERED AND ADJUDGED** this the 2nd day of February, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the Minute Entry for the 1:30 p.m. hearing on February 13, 2015, was docketed at approximately 3:21 p.m. that same day, indicating the hearing lasted less than two hours. As such, the transcript should not be particularly voluminous or expensive.